UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**BIANCA FERNANDEZ,**      Case No.:
    Plaintiff,

-VS-

**HOTWIRE COMMUNICATIONS, LLC,**
    Defendant.
_____

## COMPLAINT

Plaintiff BIANCA FERNANDEZ ("FERNANDEZ"), by counsel, sues the Defendant, HOTWIRE COMMUNICATIONS, LLC ("HOTWIRE") and as grounds, states as follows:

### PARTIES

1. FERNANDEZ is an individual residing in Palm Beach County and an "employee" under the laws specified herein.

2. Defendant HOTWIRE is a foreign limited liability company doing business within the State of Florida and Broward County and an "employer" within the meaning of the ADEA, Title VII, and the ADA.

3. This action is brought pursuant to the provisions of the Age Discrimination in Employment Act ("ADEA") and Title VII of the Civil Rights Act of 1991 ("Title VII").

### JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction of this Complaint and this cause pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights).

5. Venue is proper within the Southern District of Florida as all of the events giving rise to this claim occurred within this judicial district.

## CONDITIONS PRECEDENT

6. On or about May 6, 2020, FERNANDEZ filed a Charge of Discrimination with the United States Equal Opportunity Commission ("EEOC").

7. A right to sue was issued by the EEOC on December 31, 2020 and received by Plaintiff on January 4, 2021, within ninety days of its issuance.

## GENERAL ALLEGATIONS

8. Plaintiff was born in 1976 and is presently forty five years old.

9. Plaintiff began working for HOTWIRE in May 2015 as a residential sales specialist.

10. Plaintiff's supervisor attempted to terminate her on August 23, 2019.

11. Plaintiff informed Carl Lender ("Lender"), corporate Vice President, that she was prepared to assert a claim for gender and national origin discrimination because of the attempted termination.

12. Lender intervened and Plaintiff was reassigned as an account manager with responsibility for thirteen properties.

13. Plaintiff was successful in her role as account manager and received acclamation from clients, her supervisor, and Lender.

14. On Friday, April 3, 2020, Plaintiff received an email from HR advising that she had been terminated.

15. Plaintiff immediately contacted her supervisor who told her that she "doesn't get this," and that she had no choice in the matter because they were told that HR will pick the people to be terminated.

16. She reached out once again to Lender who responded to her in an email on April 6, the following Monday.

17. Lender wrote, on April 6, 2020, contrary to the words of her supervisor that HR made the decision to terminate her, that "[p]lease know that many factors are considered before a decision is made to separate with an employee. After careful review, the decision to separate was made by your leadership team, not any member of HR. This decision was made for legitimate, non-discriminatory, business reason [sic]."

18. The claim by Lender that this decision was for "legitimate, non-discriminatory, business reason" was false and revealed that HOTWIRE was attempting to cover up its discriminatory animus.

19. A month before her termination, Defendant hired a new account manager who was twenty eight years old.

20. Plaintiff was replaced by a male who was under forty.

## COUNT I

## AGE DISCRIMINATION

20. Plaintiff readopts and re-alleges ¶ 1 through 20 as if fully set forth herein.

21. Defendant discriminated against Plaintiff on account of her age, preferring to employ younger workers.

22. HOTWIRE's implementation of its hiring policy was a willful act and Plaintiff is entitled to liquidated damages through time of trial.

WHEREFORE, Plaintiff requests the following relief:

   a. Entry of judgment for economic and liquidated damages against the Defendant HOTWIRE;

   b. Declare that HOTWIRE engaged in unlawful age discrimination and that HOTWIRE's rehiring policy disproportionately impacts older workers and violates the ADEA;

   c. Require HOTWIRE to provide Plaintiff with full back pay;

   d. Award costs, interest, and attorneys' fees; and

   e. Such other and further relief as may be deemed just and proper.

## COUNT II

## SEX DISCRIMINATION

23. Plaintiff readopts and re-alleges ¶ 1 through 20 as if fully set forth herein.

24. Defendant discriminated against Plaintiff on account of her gender by replacing her with a younger male.

25. As a direct and proximate result of the Defendant's discriminatory acts, Plaintiff has been caused to suffer loss of income in the past and in the future as well as injury to reputation, together with emotional pain and suffering.

WHEREFORE, Plaintiff requests the following relief:

   a. Entry of judgment for economic, compensatory, and punitive damages against the Defendant HOTWIRE;

   b. Declare that HOTWIRE engaged in unlawful sex discrimination and that HOTWIRE's policies disproportionately impact women and violate Title VII.

   c. Require HOTWIRE to reinstate Plaintiff with full back pay, benefits, and seniority or award front pay in lieu thereof;

   d. Award costs, interest, and attorneys' fees; and

   e. Such other and further relief as may be deemed just and proper.

**COUNT III**

**RETALIATION**

26. Plaintiff readopts and re-alleges ¶ 1 through 20 as if fully set forth herein.

27. Defendant waited seven and a half months from her complaint about discrimination to terminate her.

28. Defendant initially planned to transfer her to a new position and then terminate her for lack of performance.

29. To its shock, Plaintiff performed well in the Account Manager position.

30. When it terminated her, it sought to disguise the reasons for her termination by telling her supervisor that it was a layoff where the employees were chosen by HR.

31. Lender, who orchestrated the pretexual termination, falsely told Plaintiff that the decision had been made by "her leadership" with the implication being it was by her supervisor.

32. These false and misleading answers show a scheme or plan to disguise the true retaliatory motive of retaliation and are evidence of pretext.

33. As a direct and proximate result of the Defendant's retaliation, Plaintiff has been caused to suffer loss of income in the past and in the future as well as injury to reputation, together with emotional pain and suffering.

WHEREFORE, Plaintiff requests the following relief:

a. Entry of judgment for economic, compensatory, and punitive damages against the Defendant HOTWIRE;

b. Declare that HOTWIRE engaged in unlawful retaliation in violation of Title VII;

c. Require HOTWIRE to reinstate Plaintiff with full back pay, benefits, and seniority or award front pay in lieu thereof;

d. Award costs, interest and attorneys' fees; and

e. Such other and further relief as may be deemed just and proper.

## DEMAND FOR TRIAL BY JURY

Demand is made for trial by jury of all claims so triable as a matter of law.

DATED: January 15, 2021

BY: */s/ G. Ware Cornell, Jr.*
G. Ware Cornell, Jr.
Fla. Bar No.: 203920
ware@warecornell.com
**CORNELL & ASSOCIATES, P.A.**
2645 Executive Park Drive
Weston, Fla. 33331
T: (954) 641-3441

BY: */s/* Suzanne A. Singer
Suzanne A. Singer
Fla. Bar No.: 946222
ssinger@rumberger.com
**RUMBERGER KIRK & CALDWELL**
80 SW 8th Street, Ste. 3000
Miami, Fla. 33130
T: (305) 358-5577

14550968.v1