UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:21-cv-60115-RKA

BIANCA FERNANDEZ,

      Plaintiff,

v.

HOTWIRE
COMMUNICATIONS, LLC,

      Defendant.
_____/

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant, Hotwire Communications Ltd.[1] ("Hotwire" or "Defendant"), pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby files its Motion to Dismiss Plaintiff's Complaint:

## BACKGROUND AND PRELIMINARY STATEMENT

In the Complaint, Plaintiff alleges that Defendant discriminated against her based on her age (Count I) and sex (Count II), and retaliated against her (Count III), in violation of the Age Discrimination in Employment Act ("ADEA") and Title VII of the Civil Rights Act ("Title VII"). *See* Complaint (ECF No. 1), ¶ 3. Plaintiff's Complaint should be dismissed for failure to comply with conditions precedent to filing suit because she did not exhaust her administrative remedies. Moreover, even if Plaintiff had satisfied the pre-suit Charge requirement, Plaintiff fails to adequately state claims for discrimination or retaliation.

Plaintiff voluntarily withdrew her Charge of Discrimination from the U.S. Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human

---

[1] Plaintiff incorrectly named "Hotwire Communication *LLC*" as the Defendant in her lawsuit. To the extent that Plaintiff fails to correct this issue, Defendant reserves the right to assert a defense that it was not Plaintiff's employer as defined by the ADEA and Title VII.

Relations ("FCHR") without allowing either agency to make a finding. In doing so, Plaintiff violated Title VII's and the ADEA's mandatory conditions precedent that must be satisfied before filing a lawsuit. Plaintiff's premature withdrawal of her Charge constitutes a failure to exhaust her administrative remedies, which bars her lawsuit.

Plaintiff also fails to state a claim for discrimination or retaliation. Plaintiff alleges a single adverse employment action in support of all three claims: the termination of her employment in April 2020 in connection with a larger group of separations at the onset of the COVID-19 pandemic. Plaintiff appears to claim that her 2020 termination was simultaneous discrimination and retaliation for Plaintiff's alleged internal complaint about an earlier 2019 "attempt" to terminate her employment for performance reasons (which led to Plaintiff's transfer to a new position). Plaintiff cannot reasonably contend that the same allegedly retaliatory termination was also the adverse action required to establish her discrimination claims. Plaintiff also fails to allege that an employee similarly situated to Plaintiff in all material respects was treated more favorably.

Regarding her retaliation claim, assuming that Plaintiff's April 3, 2020 termination is retaliation rather than discrimination (an assumption that neither the Court nor Defendant should be forced to make because of Plaintiff's inadequate pleading), Plaintiff fails to allege facts indicating a causal connection between her alleged internal complaint and the termination of her employment more than seven months later. Accordingly, the Court should dismiss Plaintiff's claims in their entirety.

## MEMORANDUM OF LAW

### I. Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint that fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). A Complaint

must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Ashcroft v. Iqbal,* 556 US 662, 678, (2009). A claim is plausible on its face when it contains factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* While a plaintiff need not make detailed factual allegations in order to survive a motion to dismiss, such allegations must be sufficient to raise a right to relief above the speculative level. *Bell Atl. Corp.v. Twombly,* 550 U.S. 544, 555 (2007).

**II.     Plaintiff Failed to Exhaust Her Administrative Remedies.**

Plaintiff fails to disclose in her Complaint that she voluntarily withdrew her Charge of Discrimination from consideration by the FCHR and EEOC. Instead, Plaintiff alleges compliance with her charge-filing prerequisites, alleging that she filed her Charge on or about May 6, 2020. Compl. (ECF No. 1), ¶ 6-7.[2] However, on October 14, 2020, Defendant received a notice from the FCHR stating, "Complainant has voluntarily withdrawn the complaint from the Commission." Attached hereto as Exhibit 2. On December 17, 2020, Defendant also received a notice on behalf of the EEOC that the Charge "has been withdrawn at the request of the Charging Party." Attached hereto as Exhibit 3. Plaintiff's voluntary withdrawal of her Charge before either agency could make a determination is fatal to her claims because Plaintiff's withdrawal constitutes a failure to exhaust administrative prerequisites to suit.

To bring a lawsuit for a violation of Title VII or the ADEA, a plaintiff must first exhaust her administrative remedies, including by filing a charge of discrimination with the EEOC. *See* 42 USC § 2000e–5; 29 USC § 626; *Gregory v. Ga. Dep't of Human Recourses*, 355 F.3d 1277, 1280 (11th Cir.2004) ("Prior to filing a Title VII action …a plaintiff first must file a charge of

---

[2]     Plaintiff's Charge, identified as EEOC No. 15D-2020-00887/FEPA No. 202024773, is attached hereto as Exhibit 1.

discrimination with the EEOC"). These administrative procedures "require complainants to submit information to the EEOC and to wait a specified period [180 days] before commencing a civil action." *Fort Bend County., Texas v. Davis*, 139 S. Ct. 1843, 1851 (2019); *see also* 42 USC § 2000e–5; 29 USC § 626.

In *Fort Bend County, Texas v. Davis*, the Supreme Court held that the requirement to file a charge is a mandatory claim-processing rule, rather than a jurisdictional issue, and that the issue should be raised as a defense at the earliest opportunity. 139 S. Ct. at 1851. In reaching this conclusion, the Court noted that a rule may be "mandatory" without being jurisdictional "in the sense that a court must enforce the rule if a party properly raises it." *Id*. (internal quotations omitted). "A Title VII complainant would be foolhardy consciously to take the risk that the employer would forgo a potentially dispositive defense" based on failure to exhaust administrative prerequisites. *Id*. at 1851–52.

Arguments regarding a plaintiff's failure to exhaust administrative remedies are appropriate on a Rule 12(b)(6) motion, even where they involve facts outside of the complaint. *See Tillery v. U.S. Dept. of Homeland Sec.*, 402 Fed. Appx. 421, 425 (11th Cir. 2010) (affirming dismissal pursuant to Rule 12(b) based on evidence outside of complaint solely for exhaustion of administrative remedies argument); *Carter v. Sec'y of Navy*, 492 F. App'x 50, 53 (11th Cir. 2012) (affirming district court decision on grounds that failure to exhaust argument is to be raised in a 12(b)(6) motion and dismissing plaintiff's claims "because he could not state a claim for relief under Title VII without first showing exhaustion of administrative remedies"); *Brady v. Postmaster Gen., U.S. Postal Serv.*, 521 Fed. Appx. 914, 916–17 (11th Cir. 2013) (affirming dismissal based on plaintiff's failure to exhaust administrative remedies). Courts may consider an official EEOC document that is attached to a motion to dismiss without converting the motion to

4

a summary judgment motion where: the complaint refers to the EEOC action; EEOC exhaustion is central to the viability of the plaintiff's claim; and the authenticity of the EEOC document is not in dispute. *See Glover v. Dist. Bd. of Trustees of Palm Beach State Coll.,* No. 9:19-CV-80968, 2019 WL 6340087, at *1 (S.D. Fla. Nov. 27, 2019) (dismissing Plaintiff's Title VII claim for failure to exhaust administrative remedies upon considering EEOC charge properly attached to defendant's motion to dismiss) (citing *Booth v. City of Roswell*, 754 F. App'x 834, 837 (11th Cir. 2018) (additional citations omitted)).

It is Plaintiff's burden to prove that she complied with conditions precedent. *Akkasha v. Bloomingdale's, Inc.*, No. 17-CV-22376, 2019 WL 7480652, at *4 (S.D. Fla. Dec. 18, 2019*), appeal dismissed sub nom. Akkasha v. Bloomingdales, Inc.*, No. 20-10146-HH, 2020 WL 8182202 (11th Cir. Oct. 23, 2020) (holding plaintiff's Title VII and ADEA claims failed as a matter of law because she failed to exhaust her administrative remedies). However, Plaintiff's Complaint fails to acknowledge that Plaintiff prematurely withdrew her Charge. Instead, the Court and Hotwire are left only with the FCHR and EEOC notifications confirming that Plaintiff withdrew her Charge before a determination could be made.

The purpose of the Title VII and ADEA mandatory pre-suit administrative remedies "is that the [EEOC] should have the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts." *Gregory v. Ga. Dep't of Human Recourses*, 355 F.3d at 1279 (quoting *Evans v. U.S. Pipe & Foundry Co.*, 696 F.2d 925, 929 (11th Cir.1983)). Hotwire expended significant time, effort, and resources into investigating Plaintiff's Charge and providing the EEOC and FCHR with the necessary information for their review, including a detailed Position Statement with supporting exhibits in response to the Charge. Plaintiff intentionally withdrew her Charge without

allowing either the Florida or federal Commission to complete its investigative process and before any finding could be made. Indeed, Plaintiff withdrew her Charge within the 180 days allotted by statute for the agencies to make a determination. *See* 42 U.S.C. § 2000e-5(f)(1); 29 CFR § 1601.28; Fla. Stat. § 760.11(3). By so doing, Plaintiff has attempted to avoid her procedural obligations, and Hotwire has lost its opportunity for a no reasonable cause determination, as intended by the statutes. *See Gregory*, 355 F.3d at at 1279; *see also* 42 USC § 2000e–5; 29 USC § 626.

When an agency does not reach the merits of a complaint because of the complainant's failure to prosecute or withdrawal of the complaint, a district court should not bypass the administrative process and reach the merits; to do so would be to reward a party who obstructed the required process. *Johnson v. Berglang,* 614 F.2d 415, 417 (5th Cir.1980); *see also Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (proper exhaustion of administrative remedies "means using all steps that the agency holds out, and doing so properly so that the agency addresses the issues on the merits"). Exhaustion requirements protect administrative agency authority, discourage disregard of agency procedures, and promote efficiency, since claims generally can be resolved much more quickly and economically. *Woodford v. Ngo,* 548 U.S. at 89.

For these reasons, numerous federal courts have held that withdrawing a Charge of Discrimination constitutes failure to exhaust administrative remedies, barring suit in federal court. *See, e.g., Wright v. United Airlines, Inc.,* 1993 WL 239570, at *2, (9th Cir. 1993) (holding that plaintiff could not litigate in federal court those charges that he voluntarily withdrew from investigation by the EEOC); *Brown v. City of New York*, 869 F. Supp. 158, 170 (S.D.N.Y. 1994) (whether mistaken or intentional, by withdrawing his Title VII charge of discrimination from the EEOC, plaintiff "effectively failed to exhaust his remedies"); *Mahomes v. Potter,* 590 F.Supp.2d

775, 786–87 (D.S.C.2008) (dismissing plaintiff's Title VII retaliation claim because the plaintiff withdrew her EEOC complaint regarding the incident and therefore failed to exhaust her administrative remedies); *Sharon v. Yellow Freight Sys.,* 872 F.Supp. 839, 846 (D.Kan.1994) (finding that plaintiff had voluntarily withdrawn his EEOC charge although he had relied on ill advice from an EEOC investigator, and stating "[a] claimant who abandons or withdraws his or her claim before the agency has reached a determination cannot be deemed to have exhausted administrative remedies").

Plaintiff voluntarily withdrew her Charge, likely for the strategic reason that Plaintiff was aware that the FCHR was poised to find against her. Regardless of her reason for doing so, Plaintiff cannot be deemed to have exhausted her administrative remedies because she withdrew her Charge from both the FCHR and EEOC before either agency could reach a determination. Accordingly, the Complaint should be dismissed in its entirety.

### III.     Plaintiff Fails to Allege Facts Sufficient to State a Claim for Discrimination.

Plaintiff fails to state a claim for discrimination because she does not allege that she suffered a materially adverse employment action or that an employee similarly situated to Plaintiff in all material respects was treated differently.[3]

To state a claim for discrimination under Title VII, Plaintiff must adequately allege: (1) she is a member of a protected class; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) she was treated less favorably than a similarly-situated individual outside her protected class. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Maynard v. Bd. of Regents of the Univ. of the Fla. Dep't of Educ.*, 342 F.3d 1281, 1289

---

[3] Hotwire also adamantly maintains that Plaintiff's termination was based on legitimate, non-discriminatory reasons including the need for restructuring due to the COVID-19 pandemic and Plaintiff's performance compared to her co-workers. However, Hotwire acknowledges that these issues are better suited for determination on summary judgment should Plaintiff's claim survive dismissal (which it should not).

7

(11th Cir.2003); *Lewis v. City of Union City, Georgia*, 918 F.3d 1213, 1220–21 (11th Cir. 2019). Similarly, under the ADEA, Plaintiff must allege "at a minimum, that [s]he suffered an adverse employment action, in a job for which [s]he was qualified, and that similarly situated younger employees were treated more favorably." *Diaz v. AIG Mktg., Inc.*, 396 Fed. Appx. 664, 666 (11th Cir. 2010) (citing *Turlington v. Atlanta Gas Light Co.*, 135 F.3d 1428, 1432 (11th Cir.1998)).

Plaintiff alleges that a former supervisor "attempted to terminate her on August 23, 2019," (Compl., ¶ 10), that she complained to a corporate Vice President claiming the attempted termination was discriminatory (Compl., ¶ 11), and that the Vice President intervened to reassign Plaintiff to a different position, rather than terminating her employment (Compl., 12). Notably, Plaintiff does not allege any facts indicating that this "attempted" 2019 termination was in any way based on a protected status such as Plaintiff's age or sex. At most, Plaintiff alleges that she threatened to make such a claim without offering any factual support for the hypothetical allegation.

Even more significant, Plaintiff does not claim that the "attempted" termination had any adverse impact on her employment. To the contrary, Plaintiff admits that her employment was not terminated in 2019, which negates any contention that Plaintiff suffered a materially adverse employment action at this point. "A tangible employment action constitutes significant change in employment status such as hiring, firing, failing to promote, reassignment with significantly different responsibilities or a decision causing a significant change in benefits." *Guimaraes v. Nors*, 07-20592-CIV, 2009 WL 1098092, at *3 (S.D. Fla. Apr. 22, 2009), *aff'd,* 366 Fed. Appx. 51 (11th Cir. 2010) (quoting *Webb–Edwards v. Orange County Sheriff's Office*, 525 F.3d 1013, 1031 (11th Cir.2008) (additional quotations omitted). Plaintiff does not allege that she suffered any such "significant change in benefits" as a result of her 2019 transfer. To the contrary, Plaintiff

alleges that she "was successful in her [new] role."  Compl., ¶ 13.

Plaintiff goes on to allege that her employment was eventually terminated more than seven months later on April 3, 2020, near the onset of the COVID-19 global pandemic.  Compl., ¶ 14.  While termination is obviously a materially adverse employment action, Plaintiff appears to rely on her 2020 termination to support her retaliation claim.  For example, Plaintiff's Count I for age discrimination alleges only that Defendant "prefer[ed] to employ younger workers" and that its "hiring policy was a willful act" supporting Plaintiff's claim for liquidated damages.  Compl. ¶ 21-22.  It is unclear what "hiring policy" Plaintiff is referencing, as this is Plaintiff's only such allegation.  In any event, nowhere in Count I does Plaintiff even mention her termination.  In contrast, Plaintiff repeatedly refers to her termination in connection with her retaliation claim in Count III.  Compl. ¶ 27, 28, 30, 31, 32.  Regardless of whether Plaintiff relies on her 2020 termination to support her discrimination claims or her retaliation claim, the same single adverse act cannot simultaneously constitute both discrimination and retaliation because any retaliation claim must be predicated on a complaint about an earlier instance of discrimination.  Plaintiff's 2020 termination is the first and only instance of an allegedly actionable employment action.

In any event, neither the Court nor Hotwire should be required to speculate about whether Plaintiff relies on her termination as an adverse action supporting her discrimination claims or her retaliation claim.  The lack of clarity on this point by itself justifies dismissal.

In addition, Plaintiff fails to allege facts sufficient to show that Defendant treated any similarly situated employees outside of her protected classifications more favorably.  To make a valid comparison of Plaintiff's treatment to that of employees outside her protected class, Plaintiff must allege facts that, if true, establish that she was treated differently from other individuals with whom she was "similarly situated in all material respects."  *Lewis v. City of Union City, Ga.*, 918

F.3d at 1226.  To be a valid comparison, a similarly situated comparator will ordinarily share Plaintiff's employment or disciplinary history.  *Id*. at 1228.

Assuming that Plaintiff's termination is the adverse act at issue in her discrimination claims (which is not at all clear from the Complaint), Plaintiff must allege that a similarly situated co-worker outside her status was not terminated.  Plaintiff fails to do so. Plaintiff offers only two vague and conclusory allegations about potential comparators.  First, Plaintiff alleges that, "[a] month before her termination, Defendant hired a new account manager who was twenty eight years old."  Compl. ¶ 19.  Plaintiff also alleges that she was "replaced by a male who was under forty."  Compl. ¶ 20.  It is not clear, but it appears that both of these allegations refer to the same individual.  Nowhere does Plaintiff allege that this individual's employment and disciplinary history were in any way similar to Plaintiff's history.

Plaintiff's vague and conclusory allegations are insufficient to state a claim under *Iqbal* and *Twombly* and Plaintiff's discrimination claims should accordingly be dismissed.

**IV.     Plaintiff Fails to Allege Facts Sufficient to State a Claim for Retaliation.**

To state a prima facie retaliation claim under either Title VII or the ADEA, a plaintiff must allege facts that, if true, establish that: (1) she engaged in statutorily protected expression; (2) she suffered an adverse employment action; and (3) the adverse action was causally related to the protected expression.  *See Pipkins v. City of Temple Terrace, Fla.*, 267 F.3d 1197, 1201 (11th Cir.2001); *Wideman v. Wal–Mart Stores, Inc.*, 141 F.3d 1453, 1454 (11th Cir.1998).  Plaintiff alleges that her statutorily protected expression was her internal complaint about the 2019 attempt to terminate her employment, though Plaintiff fails to allege any facts indicating that the attempted termination was based on a protected status.

Assuming that the 2020 termination is the adverse act supporting the retaliation claim, Plaintiff does not allege any facts indicating that her alleged 2019 complaint was the but-for cause of her termination more than seven months later. Plaintiff alleges that "Defendant waited seven and a half months from her complaint about discrimination to terminate her." Compl. ¶ 27. However, courts have routinely held that a separation as short as three months between protected activity and adverse action is insufficient to establish causation. *See Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273–74 (2001) (citing with approval cases holding that three-month and four-month separations are insufficient to establish causation); *Wascura v. City of South Miami*, 257 F.3d 1238, 1247 (11th Cir. 2001) (a temporal gap of three and a half months was too long to establish temporal proximity); *Higdon v. Jackson*, 393 F.3d 1211, 1220 (11th Cir. 2004); *Parker v. Bd. of Educ.*, 403 F. App'x 477, 478 (11th Cir. 2010) (3-month delay between protected activity and adverse action does not establish causation or a retaliatory motive).

Instead of alleging facts indicating that her protected activity was the but-for cause of her termination, Plaintiff alleges only that her supervisor told her that Defendant's Human Resources department made the termination decision (Compl. ¶ 15) and that another employee told Plaintiff that her "leadership team" made the decision (Compl. ¶ 17). Plaintiff appears to be setting up an argument that an inconsistency exists about who made the termination decision in an effort to rebut Hotwire's legitimate reasons for Plaintiff's termination. However, these second and third steps of the burden shifting framework described in *McDonnel Douglas* only occur after Plaintiff pleads an adequate prima facie case, which she has failed to do. Plaintiff fails to allege any actual inconsistency between the two alleged statements to the extent that "HR" and "leadership team" are not inherently mutually exclusive. Moreover, the question of who made the termination decision is distinct from the issue of the reasons for termination.

WEISS SEROTA HELFMAN COLE & BIERMAN, P.L.

Nowhere does Plaintiff allege facts indicating that anyone, either in HR or in her leadership team, decided to terminate her employment *because of* a protected disclosure. Plaintiff cannot simply allege that Hotwire's proffered reasons for her termination were false, particularly given that Plaintiff fails to include these proffered reasons in her Complaint. Plaintiff must at least allege some facts that she claims to be true about the reason for her termination, but Plaintiff fails to do so. Accordingly, Plaintiff's claim for retaliation should be dismissed.

## CONCLUSION

The Complaint fails to state claims for discrimination or retaliation under Title VII or the ADEA. Plaintiff failed to comply with conditions precedent to filing suit because she voluntarily withdrew her Charge of Discrimination, and, as such, did not exhaust her administrative remedies. Additionally, Plaintiff fails to allege facts sufficient to state claims for discrimination or retaliation. Plaintiff alleges only a single adverse employment action, but it is not clear whether Plaintiff claims that this action supports her discrimination claims or her retaliation claim and the same act cannot simultaneously support both claims. Plaintiff also fails to allege facts sufficient to indicate that an employee similarly situated to Plaintiff in all material respects was treated differently, further requiring dismissal of her discrimination claim. Plaintiff's retaliation claim fails to allege any facts regarding a causal connection between her alleged protected activity and her termination more than seven months later. Accordingly, the Court should dismiss the Complaint in its entirety.

**WHEREFORE,** Hotwire Communications Ltd. respectfully requests that this Court enter an order dismissing the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), and for such further relief as this Court deems just and proper.

Respectfully submitted,

WEISS SEROTA HELFMAN
COLE & BIERMAN, P.L.
Counsel for Defendant

        200 East Broward Blvd., Suite 1900
        Fort Lauderdale, FL 33301
        Telephone:  (954) 763-4242
        Facsimile:  (954) 764-7770

By: */s/ Michael S. Kantor*
    Michael S. Kantor, Esq.
    Florida Bar No. 90472
    Email: mkantor@wsh-law.com
    Samantha W. Soto, Esq.
    Florida Bar No.: 107117
    Email: ssoto@wsh-law.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by electronic filing on February 22, 2021on all counsel or parties of record on the Service List below.

## SERVICE LIST

BIANCA FERNANDEZ v. HOTWIRE COMMUNICATIONS, LLC
Case No. 0:21-cv-60115-RKA
United States District Court
Southern District of Florida

G. Ware Cornell, Jr.
Email: ware@warecornell.com
**CORNELL & ASSOCIATES, P.A.**
2645 Executive Park Drive
Weston, FL 33331
Telephone: 954-641-3441

Suzanne A. Singer
Email: ssinger@rumberger.com
**RUMBERGER KIRK & CALDWELL**
80 SW 8 ST, Suite 3000
Miami, Fla. 33130
Telephone: 305-358-5577
*Counsel for Plaintiff, Bianca Fernandez*

Michael S. Kantor, Esq.
Email: mkantor@wsh-law.com
Secondary: mboschini@wsh-law.com
Samantha W. Soto, Esq.
Email: ssoto@wsh-law.com
Secondary: lpimienta@wsh-law.com
**Weiss Serota Helfman Cole & Bierman, P.L.**
200 E. Broward Blvd., Suite 1900
Ft. Lauderdale, FL 33301
Telephone: 954-763-4242
Fax: 954-764-7770
*Counsel for Defendant,*
*Hotwire Communications, LLC*